IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID SAFARI, M.D., and MARK FAHLEN, M.D.,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HEALTH PLAN, KAISER FOUNDATION HOSPITALS, and SUTTER CENTRAL VALLEY HOSPITALS,<br><br>Defendants.<br>_____/ | No. C 11-05371 JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON APRIL 20, 2012, AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are

working on this case be permitted to address some or all of the Court's questions contained herein.

The parties each shall have twenty (20) minutes to address the following questions:

1. Is the Court correct in its understanding that Plaintiffs are making both a facial and an as applied challenge to the constitutionality of California Business and Professions Code §§ 809, *et seq.*?

    a. Assuming the proper defendants to a facial challenge are the government officials charged with administration and enforcement of the statute, which officials would *Defendants* argue are the proper parties to defend the constitutionality of the statute?

    b. Are there specific provisions of the Business and Professions Code that Plaintiffs claim are unconstitutional, or are Plaintiffs contending the entire statutory scheme is unconstitutional?

2. With respect to Defendants' standing argument, and focusing solely on any as applied challenge and the claims for injunctive relief, does Dr. Safari concede that he has not been injured by Sutter? Similarly, does Dr. Fahlen concede that he has not been injured by the Kaiser Defendants?

    a. If Plaintiffs are not willing to make these concessions, what is their best argument that a hospital at which they did not hold privileges caused them injury that could be redressed in this case?

3. Plaintiffs rely on *Chudacoff v. University Medical Center of So. Nev.*, 649 F.3d 1143 (9th Cir. 2011) in support of their argument that the Defendants could be considered state actors. As Defendants note on reply, the hospital in *Chudacoff* was a county hospital. Are plaintiffs aware of any authority in which a court has found that individuals employed by a private hospital can be considered state actors in the context of a challenge to disciplinary action?

    a. In *Blum v. Yaretsky*, the Supreme Court concluded that the plaintiffs failed to establish "state action," because the decisions in question were decisions that "ultimately turn[ed] on medical judgments made by private parties *according to professional standards that are not established by the State*." 457 U.S. 991, 1008 (1982) (emphasis added). Can the Plaintiffs point the Court to specific provisions of the California Business and Professions Code that set professional standards for private entities to follow when conducting disciplinary proceedings?

4.  a. Plaintiffs argue that "California law does not permit a stay of suspension or termination of hospital privileges pending state court proceedings." (Opp. To Kaiser Defendants' Motion to Dismiss at 5:25-26.) On what authority do Plaintiffs rely for this argument?

    b. In *Griffith v. Corcoran Dist. Hosp.*, the plaintiff was summarily suspended pursuant to California Business and Professions Code § 809.5. The court concluded *Younger* abstention was not appropriate, because Section 809.5 "is a 'procedural law barr[ing] presentation of [plaintiff's] claims' prior to the adverse administrative action," and the "summary suspension did not provide [the plaintiff] with an adequate opportunity to litigate his federal claims in the state forum." 2010 U.S. Dist. LEXIS 28719, at *24-*25 (E.D. Cal. Mar. 25, 2010)

2

    (quoting *Baffert v. California Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003). According to the complaint, the Kaiser Defendants summarily suspended Dr. Safari's privileges. Did the Kaiser Defendants do so pursuant to Section 809.5 and, if so, why should the Court not follow the reasoning in the *Griffith* case to conclude that abstention under *Younger* would not be appropriate in Dr. Safari's case?

5.  What is the current status of the various state court proceedings?

6.  Are there any other issues the parties wish to address?

   **IT IS SO ORDERED.**

Dated: April 18, 2012

                      JEFFREY S. WHITE
                      UNITED STATES DISTRICT JUDGE