**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMID SAFARI, M.D., and MARK FAHLEN, M.D., | No. C 11-05371 JSW |
| Plaintiffs, | **ORDER DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, KAISER FOUNDATION HOSPITALS, and SUTTER CENTRAL VALLEY HOSPITALS, | |
| Defendants. | |

# INTRODUCTION

This matter comes before the Court upon consideration of the motion for attorneys' fees filed by Defendant Sutter Central Valley Hospitals ("Sutter"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing scheduled for July 27, 2012, and it HEREBY DENIES Sutter's motion.

# BACKGROUND

On November 7, 2011, Plaintiff, Dr. Mark Fahlen ("Dr. Fahlen"), filed this action pursuant to 42 U.S.C. section 1983 ("Section 1983"), asserting facial and as applied challenges to the constitutionality of California's statutory scheme governing medical peer review proceedings. Dr. Fahlen alleged that this statutory scheme violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because it permitted Sutter to

1  deprive him of his protected property interest to practice medicine without due process of law.
2  Sutter moved to dismiss Dr. Fahlen's claims.

3  On May 11, 2012, the Court issued an Order granting, in part, and denying as moot, in
4  part, Sutter's motion, and it granted Dr. Fahlen leave to amend certain claims. Dr. Fahlen stated
5  that he did not intend to file an amended complaint, and he asked the Court to dismiss the
6  claims with prejudice, so that he could pursue an appeal. (*See* Docket No. 52.) On May 21,
7  2012, the Court issued an Order dismissing the claims with prejudice. On May 25, 2012, Dr.
8  Fahlen filed a notice of appeal.

9  On June 15, 2012, Sutter filed the instant motion for attorneys' fees.[1]

## ANALYSIS

Sutter moves for attorneys' fees pursuant to 42 U.S.C. section 1988, which provides that in an action to enforce Section 1983, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs...." 42 U.S.C. § 1988(b).

> [B]ecause Congress wanted to encourage individuals to seek relief for violations of their civil rights, [section] 1988 operates asymmetrically. A prevailing plaintiff may receive attorneys' fees as a matter of course, but a prevailing defendant may only recover fees in "exceptional circumstances" where the court finds that the plaintiff's claims are "frivolous, unreasonable, or groundless."

*Braunstein v. Arizona Dep't of Transportation*, – F.3d –, 2012 WL 2401993, at * 7 (9th Cir. June 27, 2012) (quoting *Harris v. Maricopa Cnty. Superior Court*, 631 F.3d 963, 971 (9th Cir.2011) (internal quotations omitted); *see also Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (to award attorneys' fees to prevailing defendant, "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation").

If a plaintiff asserts a mix of frivolous and non-frivolous claims, "only fees attributable exclusively to the plaintiff's frivolous claims are recoverable." *Braunstein*, 2012 WL 2401993, at *7; *see also Fox v. Vice,* — U.S. —, 131 S.Ct. 2205, 2215 (2011) ("Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the

---

[1] The parties agreed to an extension of time to file the motion. (Docket Nos. 58-59.)

frivolous claim."). "[W]here a plaintiff in a [section] 1983 action alleges multiple interrelated claims based on the same underlying facts, and some of those claims are frivolous and some are not, a court may award defendants attorneys fees with respect to the frivolous claims only when those claims are not 'intertwined.' " *Harris,* 631 F.3d at 973 n. 2.  Finally, "[t]he fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14.

The Court granted Sutter's motion to dismiss, and it dismissed the claims against Sutter with prejudice. Thus, Sutter is a "prevailing party," a fact that Dr. Fahlen does not dispute. The crux of the parties' dispute on this motion, as it was below, was whether Dr. Fahlen had a reasonable basis to assert that Sutter can be considered a state actor. Dr. Fahlen argues that the Court should find that his claims were not groundless or without foundation, because he had reasonable grounds to argue that *Pinhas v. Summit Health, Ltd.*, 894 F.2 1024 (9th Cir. 1989) should be revisited on the basis that the court did not address Business and Professions Code Section 809, which was enacted in 1989. *See* Cal. Bus. & Prof. Code § 809(a)(9) ("the laws of this state provide a more careful articulation of the protections for both those undertaking peer review activity and those subject to review, and better integrate public and private systems of peer review").

Dr. Fahlen also argued that the Ninth Circuit's decision *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1149 (9th Cir. 2011), was controlling and supported his argument that *Pinhas* should be revisited. Although this Court ultimately found Dr. Fahlen's arguments unpersuasive and that *Pinhas* did control the outcome of the case, it cannot say that Dr. Fahlen's arguments were frivolous. In *Chudacoff*, the Ninth Circuit noted that "[a]lthough determining state action can admittedly be an imperfect science," it did not consider the facts in *Chudacoff* to present a difficult case *Id.* at 1149. In contrast, the court suggested a more difficult case might be presented by the fact pattern at issue in this case, *i.e.* when it involved "a private hospital whose only state link is its subjection to state regulation." *Id.* (citing, *inter alia*, *Pinhas*, 894 F.2d 1024).

3

The Court also notes that Sutter argued, in the alternative, that the Court should dismiss on the basis of *Younger v. Harris*, 401 U.S. 37 (1971). Although it did not reach the issue, the Court again notes the apparent tension in the parties' position on state action and abstention under *Younger*.

For the foregoing reasons, the Court DENIES Sutter's motion for attorneys' fees.

**IT IS SO ORDERED.**

Dated: July 16, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4